## O. B. HARVEY V. J. W. WARREN.

### [FILED JANUARY 13, 1891.]

Sheriffs: FAILURE TO PAY OVER EXECUTION MONEY: DOUBLE PAYMENT BY JUDGMENT CREDITOR. In an action against a sheriff and his sureties upon an official bond it was alleged in substance that he had collected the amount of an execution, marked the judgment satisfied thereon, but failed to return the same or pay the money into court or to the execution creditor; that afterwards, to release the lien upon his land, the plaintiff paid the execution creditor the amount of the judgment and costs, and thereupon brought an action against the sheriff and his sureties to recover the money so paid. *Held,* That on payment of the judgment to the creditor he was subrogated to the rights of the execution creditor therein and could recover from the sheriff and his sureties the amount so paid.

ERROR to the district court for Webster county. Tried below before GASLIN, J.

*G. R. Chaney (J. M. Chaffin* with him), for plaintiff in error, cited: *People v. McCallum,* 1 Neb., 203; *Dorsey v. Hall,* 7 Id., 463; *Holmes v. State,* 17 Id., 74; *Mo. Valley Land Co. v. Bushnell,* 11 Id., 192; *Astley v. Reynolds,* 2 Strange [Eng.], 915; *Harmony v. Bingham,* 12 N. Y., 109; *Cocke v. Porter,* 2 Humph. [Tenn.], 15; *Brumagim v. Tillinghast,* 18 Cal., 272; *Wortman v. Conynham,* 1 Pet. C. C. [U. S.], 241; *Brown v. Baker,* 9 Port. [Ala.], 503; *Burk v. Campbell,* 15 Johns. [N. Y.], 456.

*Case & McNeny, contra,* filed no brief.

MAXWELL, J.

A demurrer was sustained to the petition in this case and the action dismissed. The petition is as follows:

"The plaintiff says that on the 6th day of November, 1883, at an election held in said county on that day for

the election of sheriff and other county officers, the defendant, Joseph W. Warren, was duly elected sheriff of said county; that on the 15th day of said November, the said Warren, as principal, with the other defendants herein, as sureties, signed and executed a certain bond or writing obligatory, running to the county of Webster in the state of Nebraska, in the sum of $10,000, conditioned for the faithful performance of his duties as such sheriff, a copy of which bond, with the conditions annexed thereto, is filed herewith, attached hereto, and made a part hereof; that on the 21st day of December following the said Warren took and subscribed the oath of office, and on the 2d day of January, 1884, said bond was duly accepted and approved by the commissioners of said county, and said Warren entered upon the duties of his said office; that afterwards, to-wit, on the 26th day of August, 1884, an execution was issued by the clerk of the district court of said county, on a judgment against this plaintiff, and in favor of Mary A. Garber, executrix, and placed in the hands of said Warren as such sheriff as aforesaid; that on the 30th day of September, 1884, plaintiff paid said Warren on said execution the sum of $35, the full amount thereof, with accrued costs, and took his receipt for the same; that said Warren also indorsed on said execution these words:

"September 30, 1884, this execution satisfied in full by defendant, pay the amount in full.

"'J. W. WARREN,

"'*Sheriff*';

but did not make any return of said execution, as required by law, or pay said money into court or to the clerk of said court, as required by law; that afterwards, to-wit, December 8, 1887, said plaintiff, in order to remove the lien of said judgment from his land, was compelled to and did pay and satisfy the judgment upon which said execution had issued, and the judgment creditor then received the money so paid, and canceled said judgment; that said

Warren never paid said money so collected by him on said execution to the execution plaintiff, or back to this plaintiff, but kept and converted the same to his own use, and still keeps and · retains the same, though often demanded by plaintiff; wherefore plaintiff demands judgment against said defendants for the sum of $33, with interest since the 30th day of September, 1884."

A copy of the bond is set out as a part of the petition.

The Code gives a right of action on the bond of any officer in favor of any person who has suffered by his neglect or failure to perform his duty.

The principal defense seems to be that this was a voluntary payment on the part of plaintiff, and that therefore he cannot recover the money back again. If the statements of the petition are true, the plaintiff paid the money in question to the person owning the judgment, and was thereby subrogated to her rights in the premises. That she could maintain an action against the sheriff there is no doubt, and this right follows into the hands of the person who, to release an apparent lien upon his land, paid the judgment. The fact that the execution creditor had other remedies against the sheriff and his sureties will not make this a voluntary payment by the judgment debtor. Honesty and fair dealing require the sheriff to account for money collected by him, and mere imaginary or technical rules should not be interposed to prevent his paying over the funds so collected.

The judgment of the district court is reversed and the cause remanded for further proceedings.

· REVERSED AND REMANDED.

THE other judges concur.